IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| DENNIS WILLIAMS, | Case No. 1:16-cv-01707-CL |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| SOUTHERN OREGON CREDIT SERVICE, INC., | |
| Defendant. | |

CLARKE, Magistrate Judge

Plaintiff alleges Defendant violated the validation notice requirements of the Fair Debt Collection Practices Act ("FDCPA"). On November 9, 2016, Defendant moved to dismiss Plaintiff's complaint (#6). Twenty days later, Plaintiff filed an amended complaint (#7). Despite Plaintiff's amended complaint, Defendant asks that the Court rule on its motion to dismiss,

Page 1 – ORDER

arguing the amended complaint is substantially identical to the original complaint. For the reasons below, the Court should deny Defendant's motion to dismiss.

## FACTUAL BACKGROUND

Plaintiff's original complaint, filed on August 26, 2016, alleged Defendant violated the FDCPA's validation notice requirements by failing to make the required disclosures under 15 U.S.C. § 1692g(a). Specifically, Plaintiff contended, Defendant failed to "disclose with certainty whether interest was accruing and if so, what the interest rate applicable to Plaintiff's debt" was. Compl. ¶ 9 [ECF No. 1.]. Defendant moved to dismiss Plaintiff's complaint, arguing, "while 15 USC § 1692g(a) sets forth a list of five items that must be disclosed in the validation notice, including for example the amount of the debt and the name of creditor [sic], neither the interest rate nor interest certainty is included in the plain text of the statute." Def.'s Mot. to Dismiss, at 4. [ECF No. 6.]. Because neither the interest rate nor the amount of interest is an expressly required disclosure under the FDCPA's validation notice requirements, Defendant's motion to dismiss contended that Plaintiff failed to assert a claim for relief. In response, Plaintiff filed an amended complaint. The amended complaint added allegations asserting Defendant falsely reported "the amount, character, or legal status of any debt, including making an ambiguous and confusing representation to Plaintiff about the amount of the debt." Am. Compl. ¶ 10 [ECF No. 7.]. Aside from adding an additional paragraph, however, Plaintiff's amended complaint is identical to Plaintiff's original complaint.

Because of the similarities between the two complaints, Defendant requests a ruling on its motion to dismiss. Defendant argues doings so would promote judicial economy and provide guidance to the parties in terms of how to proceed.

Unless it is incorporated therein, the filing of an amended complaint supersedes the original complaint. *Shame on You Productions, Inc. v. Elizabeth Banks*, 120 F. Supp. 3d 1123, 1141 (C.D. Cal. 2015). "Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is [also] moot." *Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008). Nevertheless, when the amended complaint "is practically identical to the original complaint," courts may construe a motion to dismiss "as challenging the sufficiency of th[e] latter complaint." *Shame on You Productions, Inc.*, 120 F. Supp. 3d at 1141; *Rogers v. Quick Check Fin., Inc.*, No. CV 03-1120 JE, 2004 WL 948339, at *1 (D. Or. Mar. 16, 2004). For instance, in *Shame on You Productions*, the court refused to moot the defendants' motion for judgment on the pleadings after the plaintiff filed an amended complaint because the amended complaint was essentially identical; the plaintiff simply added new defendants, but the factual and legal arguments appeared not to change and the parties had fully briefed the motion as it pertained to the original complaint. 120 F. Supp. 3d. at 1140-1142. Accordingly, the court concluded it had the power to apply the motion to the amended complaint. *Id.* at 1141.

Here, as stated, Defendant's motion to dismiss asserts Plaintiff's original complaint fails to state a claim. Because Defendant argues the amended complaint is identical to the original complaint, Defendant asks the Court to construe its motion to dismiss as challenging the sufficiency of the latter complaint. The Court does so, *see Rogers*, 2004 WL 948339, at *1 ("Defendant's motion to dismiss asserts that plaintiff's first amended complaint fails to state a claim. However, at the hearing to consider the motion, I granted plaintiff's oral motion for leave to file a second amended complaint. Plaintiff has subsequently filed a second amended complaint, and I construe defendant's motion to dismiss as challenging the sufficiency of this

latter complaint"), and, for the reasons discussed below, believes Defendant's motion as it applies to Plaintiff's first amended complaint, should be denied.

## STANDARD

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

## DISCUSSION

In moving to dismiss, Defendant pointed out that the FDCPA's validation notice requirements do not expressly necessitate disclosure of interest rates or whether interest is

accruing on outstanding debt, but it does require disclosure of the amount of debt, among other items. Because Plaintiff's then-operative complaint did not contend Defendant failed to disclose the amount of debt Plaintiff owed, Defendant thus argued that Plaintiff failed to state a claim upon which relief could be granted. In response, Plaintiff amended his complaint and added new allegations, which specifically contend Defendant failed to represent "the *amount*, character, or legal status of any debt. . . ." Am. Compl. ¶ 10 (emphasis added). Defendant argues, however, that the gist of Plaintiff's complaint is the same. In fact, the remainder of the amended complaint is identical to the original complaint, and, importantly, Plaintiff's allegation that Defendant violated the FDCPA's validation notice requirements by failing to disclose the amount of interest accruing and the applicable interest rate remains. Accordingly, Defendant states, Plaintiff's amended complaint, like his original complaint, fails to state a claim for relief.

For the reasons discussed below, Plaintiff's amended complaint states a claim for relief under the FDCPA. The FDCPA provides in pertinent part:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 USC § 1692g(a).

Plaintiff does continue to argue Defendant failed to disclose the amount of interest and whether interest was accruing on his outstanding debt obligation, but this alone is sufficient to state a claim for relief; indeed, in stating the amount of debt under "Section 1962(g)(a)(1)[,] [] debt collectors [are required] 'to state the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent.'" *Dupuy v. Weltman, Wienberg & Reis Co.*, 442 F. Supp. 2d 822, 827 (N.D. Cal. 2006) (quoting *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000)).

Moreover, on top of this sufficient allegation, Plaintiff's amended complaint adds factual and legal arguments detailing Defendant's actions and how they are violative of the FDCPA. In short, Plaintiff has clarified his claim. He has added the fact that "Defendant sent Plaintiff an initial demand letter stating a balance of $1100.65, and failing to disclose that interest was accruing on that balance," and the fact that, "on May 13, 2016, Defendant sent Plaintiff a letter demanding $1103.35, indicating that Defendant failed to disclose interest." Am. Compl. ¶10. Plaintiff has also added the legal assertion that, in sending these letters without disclosing the interest, Defendant failed to represent "the amount, character, or legal status of any debt." Am. Compl. ¶ 10. Hence, Plaintiff's argument is that by failing to provide the applicable interest rate and the amount of interest that was accruing on his outstanding obligation, Defendant failed to disclose the true amount of debt Plaintiff owed, a requirement under the FDCPA. Such allegations, accepted as true, are sufficient to meet Rule 12(b)(6)'s pleading requirements. *See Welker v. Law Office of Horwitz*, 626 F. Supp. 2d. 1068, 1070 (S.D. Cal. 2009) (holding that Plaintiffs sufficiently stated a claim for relief when arguing that a dunning letter's failure to specify the amount of interest and other costs owed "constituted an inadequate statement of 'the

amount of the debt' under 15 U.S.C. § 1692g(a)(1)"). Accordingly, Defendant's motion to dismiss, applied to Plaintiff's first amended complaint, should be denied.

## RECOMMENDATION

For the foregoing reasons, Defendant's motion to dismiss (#6), construed as challenging Plaintiff's first amended complaint, should be DENIED. This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

It is so ORDERED and DATED this \_\_16\_\_ day of December, 2016.

_____
MARK D. CLARKE
United States Magistrate Judge