IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DENNIS WILLIAMS, | |
| Plaintiff, | 1:16-cv-01707-CL<br>ORDER |
| v. | |
| SOUTHERN OREGON CREDIT SERVICE, INC., | |
| Defendant. | |

MCSHANE, Judge:

  Magistrate Judge Mark D. Clarke filed a Findings and Recommendation (ECF No. 9), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Defendant filed objections to the Findings and Recommendation. Accordingly, I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I find no error and conclude the report is correct.

1 –ORDER

Defendant, now represented by new counsel, argues the filing of an amended complaint mooted its motion to dismiss. Prior counsel for defendant, however, requested that Judge Clarke rule on the motion to dismiss "since the identical defective interest rate allegations under 15 U.S.C. 1692g(a) remain in paragraph 9 of the First Amended Complaint." ECF No. 8, 2. Previous counsel noted a ruling would promote judicial economy and provide guidance to the parties on the interest rate allegations. *Id.* Defendant concluded by stating "SOCS should not be required to expend additional resources to address identical defective allegations with additional motions when it has already brought these issues before the Court in the motion that is currently pending." *Id.* at 2-3.

Judge Clarke proceeded to do exactly that. Defendant, now represented by new counsel, argues the amended complaint was not substantially similar to the original complaint, and that "Southern was essentially asking for partial summary judgment on [the § 1692g(a)] issue for failure to state a claim." Def. Obj. 2. New counsel goes on to argue:

> Because Plaintiff's original complaint and Plaintiff's First Amended Complaint were not identical, Southern's Motion to Dismiss was moot as a matter of law. If Southern wanted to challenge paragraph 9 of Plaintiff's First Amended Complaint, Southern should have filed a motion for partial summary judgment in response to the filing of Plaintiff's First Amended Complaint.

*Id.* at 7.

But it is no use now arguing about what Southern should have done. At best, prior counsel's request to Judge Clarke was ambiguous, and it was fair to read that request as one requesting a ruling on the entire amended complaint. Southern's new counsel is free to defend this case however it sees fit going forward, including raising the arguments presented in its objections and fully briefing those matters before Judge Clarke. Judge Clarke explicitly noted he construed the motion to dismiss as challenging the first amended complaint, not the more limited

2 –ORDER

argument taken by defendant's new counsel. Findings and Recommendation, 7. Given earlier counsel's representations, that finding was not in error. I find no error in Judge Clarke's Findings and Recommendation.

Magistrate Judge Clarke's Findings and Recommendation (ECF No. 9) is adopted. Defendant's Motion to Dismiss, ECF # 6, is DENIED

IT IS SO ORDERED.

DATED this 16th day of February, 2017.

       /s/ Michael J. McShane       
Michael McShane
United States District Judge

3 –ORDER